## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**STEPHANIE JACKSON,**

    *Plaintiff,*

    v.

**CLARITY SERVICES, INC.,**

    *Defendant.*

Case Number:

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, STEPHANIE JACKSON ("**Ms. Jackson**"), by and through her attorneys, Seraph Legal, P.A., and complains of the Defendant, CLARITY SERVICES, INC. ("**Clarity**"), stating as follows:

## PRELIMINARY STATEMENT

1. This is an action brought by Ms. Jackson against Clarity for violations of the *Fair Credit Reporting Act*, 15 U.S.C. § 1681, *et seq.* ("FCRA").

## JURISDICTION AND VENUE

2. Subject matter jurisdiction arises under the FCRA, 15 U.S.C. § 1681p, and 28 U.S.C. § 1331.

3. Clarity is subject to the provisions of the FCRA and is subject to the jurisdiction of this Court pursuant to Fed. R. Civ. P. 4(k) and § 48.193, Fla. Stat.

4.     Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b)(2), because the acts complained of were committed and / or caused by Clarity within Polk County, Florida, which is in the Middle District of Florida.

## PARTIES

### Ms. Stephanie Jackson

5.     Ms. Jackson is a natural person and at all times relevant, resided in the city of Winter Haven, Polk County, Florida.

6.     Ms. Jackson is a *Consumer* as defined by the FCRA, 15 U.S.C. § 1681a(c).

### Clarity

7.     Clarity is a Delaware corporation with a principal business address of 475 Anton Blvd., Costa Mesa, CA 92626.

8.     Clarity is registered to conduct business in the State of Florida, where its Registered Agent is CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 33324.

9.     Clarity is a nationwide *Consumer Reporting Agency* ("CRA") within the meaning of the FCRA, 15 U.S.C. § 1681a(f), in that it, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third

parties, and uses various means of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically including mail, internet, and/or telephone communications.

## FACTUAL ALLEGATIONS

### Clarity Produces Clearly Erroneous Report on Plaintiff

10.     At some point prior to 2024, Clarity began maintaining a credit file on Ms. Jackson. **SEE PLAINTIFF'S EXHIBIT A.**

11.     At some point after this, Clarity incorporated credit information belonging to Jerline Watson, an unrelated individual who appears to live in Holly Springs, Mississippi, into its credit file regarding Ms. Jackson. *Id.*

12.     Thereafter, Clarity's credit file on Ms. Jackson stated her name is Stephanie Jackson, and that she is also known as Jerline Watson. *Id.*

13.     Clarity's credit file on Ms. Jackson states she has lived in Winter Haven, Florida and Holly Springs, Mississippi. *Id.*

14.     Ms. Jackson has never used nor applied for credit using the name "Jerline Watson."

15.     Ms. Jackson has never lived nor claimed to have lived in Holly Springs, Mississippi.

16.     On information and belief, Clarity's file on Ms. Jackson is an example of a *mixed file*.

17.     A *mixed file* is a credit file that contains information concerning two or more persons rather than the one person about whom it should relate.

18.     On information and belief, the *mixed file* resulted from Clarity's reckless and improper methods by which it connects data reported to it by various furnishers and incorporates that data into its files.

19.     In an aggressive attempt to match every record reported, Clarity's automated system often erroneously match information to a consumer's credit file with minimal commonalities.

20.     Indeed, on information and belief, Clarity often matches data with the information in its files based on a single data point, such as the same year of birth, instead of utilizing all of the information provided to it.

21.     These erroneous matches occur even when the data from Clarity's furnishers of information contains substantially different identifying information from that of the actual consumer.

22.     Clarity knows that its automated systems erroneously match tradeline information to incorrect consumers' credit files with minimal commonalities.

23.     Despite such knowledge, Clarity has declined to correct its systems.

**Clarity's File on the Plaintiff Includes Additional Inaccuracies**

24.     In addition to the information highlighted above, Clarity's credit file on Ms. Jackson includes a false date of birth. ***Id.***

25.     Ms. Jackson was born in 1984; however, Ms. Jackson's disclosure shows Clarity is reporting an additional year of birth of 1963. ***Id.***

26.     On information and belief, Jerline Watson's birth date is the additional birth date falsely reported by Clarity as belonging to Ms. Jackson.

27.     Clarity, as a CRA, has a legal obligation to use reasonable procedures to assure the maximum possible accuracy of its consumer reports. 15 U.S.C. § 1681e(b).

28.     What is believed to be personal information belonging to Jerline Watson in Ms. Jackson's credit file, included Jerline Watson's home address, telephone number, employer, and income information.

29.     Despite its obligation, Clarity has sold at least seven (7) consumer reports to Ms. Jackson's creditors in the last two years.

30.      On information and belief, each of these seven (7) consumers reports contained the information belonging to Jerline Watson identified herein. ***Id.***

31.     Upon learning that Clarity now believes she is also known by an unrelated stranger's name, which is clearly not hers, and whom lives in a city

where she has never lived, Ms. Jackson became very concerned, as Clarity's reports concerning her contain egregiously wrong information.

32.     One of the products Clarity sells to lenders is called *Clear Digital Identity*™, which it describes as a service that "cross-references application information, phone and email details, and exclusive Clarity data to authenticate consumer identities and detect application fraud . . . . Comparing a consumer's personal information against phone, email and Clarity data helps to validate the legitimacy of an applicant's information and gives lenders a much greater assurance that applicants are who they claim to be. A failure to authenticate some of the data points can indicate fraud." *See* Clarity Services, Inc., https://www.clarityservices.com/solutions/fraud/clear-digital-identity/ (last visited July 22, 2022).

33.     Upon information and belief, the presence of the name "Jerline Watson" combined with what is presumably Ms. Watson's personal information being incorporated into Ms. Jackson's file, resulted in Ms. Jackson's credit applications being falsely flagged as potentially fraudulent.

34.     As evidenced by the glaring errors in its reports, Clarity failed to use reasonable procedures in producing the consumer reports regarding Ms. Jackson which it sold to many creditors, and potential creditors, as any reasonable

procedure would have determined that information about an unrelated individual was mixed with Ms. Jackson's data.

35.     Clarity could reasonably foresee that selling reports which contained data belonging to an unrelated individual would cause significant harm to Ms. Jackson.

36.     Similarly, Clarity could reasonably foresee that producing credit reports which contain information about another person – especially a person so obviously not the subject of the credit report – would likely cause harm to the consumer for whom the report was created and for others (*e.g.*, Jerline Watson) whose information was thereby improperly disclosed.

37.     In October of 2024, Ms. Jackson requested a consumer credit disclosure from Clarity.

38.     Pursuant to 15 U.S.C. § 1681g(a), upon receipt of Ms. Jackson's request, Clarity was required to "clearly and accurately" disclose *all* information in Ms. Jackson's file at the time of her request, as well as the *sources of information relied upon*.

39.     A request for a consumer disclosure inherently includes a request for the sources of information relied upon; see *Brauer v. ExamOne World Wide Inc.*, No. 222CV07760MEMFJC, 2023 WL 4695899 (C.D. Cal. July 19, 2023) (stating "… these

sources clearly fall within the plain language definition of "file," and should have been provided to Brauer when he requested his file.)

40.     As a CRA, Clarity knows that the FCRA requires it to disclose the sources of information relied upon in compiling the consumer's credit report when providing a consumer disclosure. *Id.*

41.     However, when providing Ms. Jackson with her disclosure, Clarity failed to disclose the source(s) of information upon which it relied to determine Ms. Jackson was known as (or is) Jerline Watson or that she lived in Holly Springs, Mississippi.

42.     Clarity similarly failed to disclose the source or sources of information upon which it relied to determine that Ms. Jackson had other dates of birth.

43.     A consumer disclosure which claims a consumer in Winter Haven, Florida is also known as a consumer in Holly Springs, Mississippi, and without explanation as to how or why this information was determined, is, on its face, neither clear nor complete.

44.     Clarity specifically chose which information to disclose in its consumer report, and therefore acted willfully in preparing a deficient report.  In the alternative, Clarity has acted with gross recklessness and a complete disregard for the rights of consumers to have accurate and complete reports generated about them and to receive such reports.

45.     On or about September 11, 2021, Westlake Financial Services ("Westlake"), a sub-prime lender, requested a report about Jerline Watson.

46.     Westlake clearly stated whom it was asking for a report on, providing Jerline Watson's name, Holly Springs, Mississippi address, Mississippi phone number, date of birth, and Social Security number.

47.     In response, Clarity supplied Westlake with a report with Ms. Jackson's personal and private information.

48.     One second later, Westlake requested a second report about Jerline Watson.

49.     Westlake, again, clearly stated whom it was asking for a report on, providing Jerline Watson's name, Holly Springs, Mississippi address, Mississippi phone number, date of birth, and Social Security number.

50.     In response, Clarity once again supplied Westlake with a report with Ms. Jackson's personal and private information.

51.     In sum, Clarity's records indicate it sold two (2) reports in a matter of minutes to the same lender, whom, both times had clearly identified Jerline Watson of Holly Springs, Mississippi as the consumer they wished to obtain a report concerning.

52.     Any creditor would be misled as to creditability of Ms. Jackson based on the incorporated information belonging to Ms. Watson in her credit report.

53. Clarity had no reasonable basis to believe Westlake had asked for a report about Plaintiff or that any other permissible purpose to sell Plaintiff's report to this lender existed, despite a requirement under § 1681b(a)(3) to provide reports only in the event permissible purpose to furnish the report exists.

54. As a result of Clarity's conduct, Ms. Jackson has suffered damage to her Clarity credit scores, damage to her reputation and loss of credit.

55. Clarity frequently sells reports about consumers to online lenders who requested reports on unrelated individuals and has been sued many times in the past for these actions. See, e.g., *Alexander Gil vs. Clarity Services, Inc.*, case 8:23-cv-00845, M.D. Fla., April 18, 2023 (sale of report of a Florida consumer to online lender requesting report of unrelated Nevada resident); *Donna Ford vs. Clarity Services, Inc.*, case number 4:22-cv-00301-MW-MAF, N.D. Fla., July 2022 (sale of report of a Florida consumer to online lender requesting report of unrelated male Oregon resident as well as an unrelated male Florida resident).

56. Ms. Jackson has also suffered severe emotional distress and has spent time and money to correct her file and force Clarity to comply with its statutory obligations, and in procuring counsel.

57. Ms. Jackson has hired the aforementioned law firm to represent her in this matter and has assigned her right to fees and costs to the firm.

## COUNT I
## CLARITY'S WILLFUL VIOLATIONS OF THE
## FCRA, 15 U.S.C. § 1681e(b)

58.     Ms. Jackson adopts and incorporates paragraphs 1 - 57 as if fully stated herein.

59.     Clarity violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure maximum possible accuracy of consumer reports sold regarding Ms. Jackson, as reasonable procedures would not have resulted in Clarity's inclusion of information concerning another individual into Ms. Jackson's reports, or the inclusion of information regarding false dates of birth.

60.     Clarity's conduct was willful and intentional, or, alternately, was done with a reckless disregard for its duties under the FCRA to provide reports with maximum possible accuracy.

61.     Clarity's policies could reasonably be foreseen to cause harm to Ms. Jackson.

62.     Clarity is thus liable to Ms. Jackson, pursuant to 15 U.S.C. § 1681n, for the greater of Ms. Jackson's actual damages or statutory damages of up to $1,000 for each occurrence, as well as for punitive damages, reasonable attorneys' fees, and costs.

**WHEREFORE,** Ms. Jackson respectfully requests this Honorable Court enter judgment against Clarity for:

a.   The greater of Ms. Jackson's actual damages or statutory damages of **$1,000 per violation**, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b.   Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681n(a)(3);

c.   Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); and,

d.   Such other relief that this Court deems just and proper.

**COUNT II**
**CLARITY'S NEGLIGENT VIOLATIONS OF THE**
**FCRA, 15 U.S.C. § 1681e(b)**
**(Plead in the Alternative to Count I)**

63.   Ms. Jackson adopts and incorporates paragraphs 1 - 57 as if fully stated herein, and strictly in the alternative to Count I.

64.   Clarity failed to follow reasonable procedures to assure maximum possible accuracy of consumer reports sold to regarding Ms. Jackson, and such failures could reasonably be seen to cause harm to individuals like Ms. Jackson whose potential lenders and creditors end up receiving inaccurate credit reports on them, causing the consumer to be denied loans or extensions of credit.

65.   Thus, Clarity violated **15 U.S.C. § 1681e(b)** by including information of an unrelated individual in reports sold to Ms. Jackson's potential creditors and lenders, negligently violating the FCRA.

66.   As such, Ms. Jackson is entitled to her actual damages.

**WHEREFORE,** Ms. Jackson respectfully requests this Honorable Court enter judgment against Clarity for:

a.    The greater of Ms. Jackson's actual damages, pursuant to 15 U.S.C. § 1681o(a)(1);

b.    Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681o(a)(2); and,

c.    Such other relief that this Court deems just and proper.

### COUNT III
### CALRITY'S WILLFUL VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681g(a)(2)

67.    Ms. Jackson adopts and incorporates paragraphs 1 - 57 as if fully stated herein.

68.    Clarity violated **15 U.S.C. § 1681g(a)(2)** when responding to Ms. Jackson's request for her consumer disclosure by failing to clearly and accurately disclose to Ms. Jackson the sources of information relied upon concerning information in her credit file.

69.    Clarity did not disclose the source of the aforementioned false information contained in Ms. Jackson's credit file.

70.    Clarity knowingly failed to disclose the source of the information despite having such knowledge.

71.     Clarity knows, through complaints from other consumers, that it does not provide the source of information as required by the FCRA, yet has declined to correct such omission on its reports.

72.     Clarity is thus liable to Ms. Jackson, pursuant to 15 U.S.C. § 1681n, for the greater of Ms. Jackson's actual damages and statutory damages of up to $1,000 for each occurrence, as well as for punitive damages, reasonable attorneys' fees, and costs.

**WHEREFORE,** Ms. Jackson respectfully requests this Honorable Court enter judgment in her favor, and against Clarity, for:

a.      The greater of Ms. Jackson's actual damages or statutory damages of **$1,000** per violation, pursuant to 15 U.S.C. § 1681n(a)(1)(A), or in the alternative;

b.      Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c.      Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3); and,

d.      Such other relief that this Court deems just and proper

**COUNT IV**
**CALRITY'S NEGLIGENT VIOLATIONS OF THE**
**FCRA, 15 U.S.C. § 1681g(a)(2)**
**(Plead in the Alternative to Count III)**

73.     Ms. Jackson adopts and incorporates paragraphs 1 - 57 as if fully stated herein and strictly in the alternative to Count I.

74.     Clarity failed to provide Ms. Jackson with a clear and accurate consumer disclosure by not including the sources of information it relied upon concerning her credit file.

75.     Thus, Clarity violated **15 U.S.C. § 1681g(a)(2)** by providing Ms. Jackson with an inaccurate consumer disclosure and not providing the sources of information in this Clarity relied upon concerning her credit file, negligently violating the FCRA.

76.     As such, Ms. Jackson is entitled to her actual damages.

**WHEREFORE,** Ms. Jackson respectfully requests this Honorable Court enter judgment in her favor, and against Clarity, for:

a.      Ms. Jackson's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.      Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and,

c.      Such other relief that this Court deems just and proper

**COUNT V**
**CLARITY'S WILLFUL VIOLATIONS OF THE**
**FCRA, 15 U.S.C. § 1681b(a)(3)**

77.     Ms. Jackson adopts and incorporates paragraphs 1 - 57 as if fully stated herein.

78.     Clarity violated 15 U.S.C. § 1681b(a)(3) when it furnished at least two (2) reports to Westlake about Plaintiff in response to a request for a report on an

unrelated individual with a different name, date of birth, and Social Security number.

79.    Clarity had no reason to believe it had permissible purpose to furnish this report as there are essentially no commonalities between the consumer whom Westlake requested reports on and Plaintiff.

80.    Clarity knows, through complaints from other consumers, that its automated systems often provide data about unrelated consumers in response to requests for reports by lenders.

81.    Clarity is thus liable to Ms. Jackson, pursuant to 15 U.S.C. § 1681n, for the greater of Ms. Jackson's actual damages and statutory damages of up to $1,000 for each occurrence, as well as for punitive damages, reasonable attorneys' fees, and costs.

**WHEREFORE,** Ms. Jackson respectfully requests this Honorable Court enter judgment in her favor, and against Clarity, for:

a.  The greater of Ms. Jackson's actual damages or statutory damages of $1,000 per violation, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b.  Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c.  Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3); and,

d.  Such other relief that this Court deems just and proper

**COUNT VI**
**CLARITY'S NEGLIGENT VIOLATIONS OF THE**
**FCRA, 15 U.S.C. § 1681b(a)(3)**
**(Plead in the Alternative to Count V)**

82.    Ms. Jackson adopts and incorporates paragraphs 1 - 57 as if fully stated herein and strictly in the alternative to Count V.

83.    Clarity responded to two requests from Westlake to provide a report on an individual not related to Plaintiff, and Clarity responded to West Lake by providing a consumer report regarding Ms. Jackson.

84.    Thus, Clarity violated **15 U.S.C. § 1681b(a)(3)** when it furnished at least two (2) reports to Westlake about Plaintiff in response to a request for a report on an unrelated individual with a different name, date of birth, and Social Security number, negligently violating the FCRA.

85.    As such, Ms. Jackson is entitled to her actual damages.

**WHEREFORE**, Ms. Jackson respectfully requests this Honorable Court enter judgment in her favor, and against Clarity, for:

a.  Ms. Jackson's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.  Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and,

c.  Such other relief that this Court deems just and proper

**JURY TRIAL DEMANDED**

Ms. Jackson hereby demands a trial by jury on all issues so triable.

Respectfully submitted on  October 21, 2024, by:

**SERAPH LEGAL, P. A.**

/s/ *Christian E. Cok*
Christian E. Cok, Esq.
Florida Bar No.: 1032167
CCok@SeraphLegal.com
2124 W Kennedy Blvd., Suite A
Tampa, FL 33606
Tel: 813-567-1230
Fax: 855-500-0705
*Lead Counsel for Plaintiff*

**<u>ATTACHED EXHIBIT LIST</u>**

A       Clarity's Consumer Disclosure for Ms. Jackson, October 17, 2024 – Excerpts